12-3780-cv
*Allen v. Norman et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> RICHARD C. WESLEY.
> > *Circuit Judges.*

---

ADELL P. ALLEN,

> *Plaintiff-Appellant,*

> v.                                                              No. 12-3780-cv

CORTESIA NORMAN, ERNEST USHER

> *Defendants,*

CITY OF MOUNT VERNON, C/O THE
COMMISSIONER, CHIEF OF POLICE, MT.
VERNON, JOHN DOES 1-8, JANE DOES 1-22,

> *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**                    Adell P. Allen, *pro se*, Monsey, NY.

**FOR DEFENDANTS-APPELLEES CITY OF MOUNT VERNON, c/o THE COMMISSIONER, CHIEF OF POLICE, MT. VERNON, JOHN DOES 1-8, JANE DOES 1-22:**

Hina Sherwani, Assistant Corporation Counsel, *for* Nichelle A. Johnson, Corporation Counsel, City of Mount Vernon, Mount Vernon, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge;* Henry B. Pitman, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Adell Allen, proceeding *pro se*, appeals the District Court's dismissal, on the appellees' motions, of her complaint brought pursuant to 42 U.S.C. §§ 1983 and 1985, in which she alleged that the appellees violated her Fourth Amendment rights. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's decision to dismiss a complaint pursuant to Rule 12(b)(6), *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010), or grant judgment on the pleadings pursuant to Rule 12(c), *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178 (2d Cir. 2013). In both cases, we accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.* at 178. To survive either motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Kirkendall*, 707 F.3d at 178-79. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), we afford a *pro se* litigant "special solicitude." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

Having conducted an independent and *de novo* review of the record in light of these principles, we conclude that the District Court properly granted the appellees' motions and dismissed Allen's complaint. Accordingly, we affirm substantially for the reasons set forth by Magistrate Judge Pitman in his thorough and well-reasoned Report and Recommendation dated July 23, 2012, which the District Court adopted in full in the judgment dated August 21, 2012.

In addition, we discern no abuse of discretion in the District Court's vacatur of the entry of default judgment against appellee Ernest Usher, given his meritorious defense to Allen's claims. *See Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (stating that a district court's decision on a motion to vacate a default judgment is reviewed for abuse of discretion); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993) (explaining our preference for resolving disputes on the merits). Allen's contentions on appeal, which merely reiterate the allegations in her complaint and repeat arguments considered and rejected below, do not call into question the propriety of these rulings.

## CONCLUSION

We have considered all of Allen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court